Vernon L. Hollister, et al., Plaintiffs-Appellees, v. Arnold H. Greenfield, Defendant-Appellant.

Gen. No. 64-62.

Third District.
April 22, 1965.
Rehearing denied May 24, 1965.

12

Benjamin Ordower, of Chicago, for appellant.

Thomas R. Flood, of Streator, for appellees.

CORYN, J.

This is an appeal by the defendant, Arnold H. Greenfield, from a judgment in the amount of $29,204, entered by the Circuit Court of LaSalle County on plaintiffs' complaints for breach of lease.

On October 31, 1942, the parties hereto entered into a written lease whereby the defendant leased the plaintiffs' premises in Streator, Illinois, for a period of 25 years at a monthly rental of $200. The defendant covenanted to make at his own expense certain repairs to the premises and to "brick veneer" the exterior walls facing Main and Monroe Streets "with suitable high grade face brick of quality and color satisfactory to Lessors . . . as soon as labor and materials for the same can be provided." The lease then recites:

> "Should Lessee fail to make such improvements or any of them as soon as the labor and material required therefor are available, then, Lessors may serve him with writ of notice of such default and demand that such improvement . . . be commenced within 30 days, and if not so commenced, Lessors *shall have the right* on behalf of Lessee

13

. . . to proceed with the making of such improvement . . . at the expense of the Lessee. . . ."

On September 27, 1957, the parties executed an "Agreement to Extend Time for Brick Refacing of Building Under Lease," in which, for an additional consideration of $50 per month, the defendant was given a seven year extension of time to "reface" the building. This supplemental agreement provided that all the terms of the original lease were to remain in effect, except that the Lessee was thereby given additional time to reface the building. The term "brick veneer," although used in the original lease, does not appear in the supplemental agreement. Instead, the term "brick refacing" is repeatedly used to describe the Lessee's obligation.

The defendant paid rent until October, 1960, and remained in possession until August, 1962. On July 18, 1962, the plaintiffs notified the defendant that if he did not perform his obligations under the terms of the lease, they would terminate the lease as therein provided. Shortly thereafter the defendant abandoned the premises without, inter alia, paying the accrued rent or refacing the building.

The plaintiffs then filed two separate suits against the defendant for breach of lease, which suits were consolidated for trial by the court without a jury. The defendant filed a motion to dismiss these complaints on the ground that the lease required the defendant to brick veneer the premises, thereby encroaching upon a public sidewalk, and that consequently, the lease was void as against public policy. Attached to this motion were several affidavits from contractors stating that in their opinion brick veneering would result in an encroachment upon the public sidewalk. The court denied this motion and the defendant then answered the complaints, and in doing so, set out as an

14

affirmative defense the same matters included in his motion to dismiss, that is, that the lease was void as against public policy because of the alleged encroachment. The case proceeded to trial upon these pleadings, resulting in a judgment for the plaintiffs.

In this appeal the defendant does not claim that the judgment of the court was against the manifest weight of the evidence. The defendant did not file a report of proceedings, and consequently the abstract of record contains only a summary of the transcript of record, i. e., the pleadings, orders, and docket entries.

It is the defendant's theory on appeal (1) that the lease is void as against public policy, since the requirement that the defendant brick veneer or reface the exterior walls would cause an encroachment upon a public sidewalk; (2) that the plaintiffs are not entitled to damages for defendant's failure to make said repairs since the plaintiffs terminated the lease before expiration of the time allowed defendant to so perform; and (3) that the plaintiffs are not entitled to damages for defendant's failure to reface these walls as the lease expressly provides that the plaintiff's only remedy for such a breach is to make the repairs themselves at the defendant's expense.

■■■■ We cannot say, upon examination alone of the lease, supplemental agreement, and pleadings, that, as a matter of law, the lease was void as against public policy because it required the tenant to reface or veneer the exterior walls, thereby encroaching upon a public sidewalk. This is a fact issue raised by the pleadings and determined by the court upon the basis of the evidence adduced at trial. A report of proceedings is necessary before this court can review an issue of fact. Lukas v. Lukas, 381 Ill 429, 45 NE2d 869; Hambley v. Conroy, 11 Ill App2d 568, 138 NE2d 64; Williamson v. Williamson, 11 Ill App2d 572, 138 NE2d 80; Early v. Early, 13 Ill App2d 394, 141 NE2d

758. The absence of the report of proceedings is not cured by the presence in the transcript of record of the affidavits attached to defendant's motion to dismiss the complaint. These affidavits, while they are part of the transcript of record, are not competent as evidence in the trial of this cause. 1 ILP, Affidavits, § 13; In Re Estate of Enoch, 52 Ill App2d 39, 201 NE2d 682. Accordingly, we will not review the issue of whether this lease was void as against public policy.

The defendant next contends that the plaintiffs were not entitled to damages for failure to make repairs as required by the lease, since the plaintiffs terminated the lease before the time to make repairs had expired. This issue also is one of fact and will not be reviewed as no report of proceedings was filed. This case proceeded to trial without a jury upon a two-count complaint, the first count based on damages for breach of lease, and the second count on the theory of quantum meruit. The judgment order makes no specific findings of fact, and does not break down the various items that comprised the award of $29,204. Without a report of proceedings we cannot determine upon what count of plaintiffs' alternative complaint this award was based or what elements of damages were proven.

██ The plain language of the lease and supplemental agreement do not sustain defendant's final contention that the sole and exclusive remedy of the plaintiffs for defendant's failure to reface the exterior walls was to make the required improvements themselves at the expense of the defendant. Paragraph 13 of the lease states:

"That in addition to their other remedies, should Lessee fail to make any of the improvements or repairs, maintain the insurance or make any of the payments by this lease required to be done by

him, Lessors shall have the right so to do and add the cost thereof to the rental payment next thereafter."

This provision is optional and permissive, and does not prohibit the lessor from pursuing his other remedies.

For the reasons herein stated, the judgment of the trial court is affirmed. Also, the plaintiff's motion to dismiss this appeal, which was taken for consideration with the case, is denied in view of the above determination of the case.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.