DARRELL WARD, d/b/a WARD PRODUCTIONS, Plaintiff-Appellant, *v.* FORMEX, INC:, Defendant-Appellee.

(No. 74-17;

Second District (2nd Division)—April 8, 1975.

Farrell & Edgerton, of Chicago, (Michael P. Edgerton, of counsel), for appellant.

Donovan, Atten, Mountcastle, Roberts, & DaRosa, of Wheaton (Lloyd E. Dyer, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The plaintiff in this case appeals from the order of the trial court granting defendant's motion to quash service of summons and dismissing the action.

Jurisdiction is asserted under the Illinois so-called "long-arm" statute, Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 17(1)(a)), which provides as follows:

"Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts;

(a) The transaction of any business within this State."

The plaintiff is an individual residing in and carrying on a business of producing industrial films in Illinois. The first contact between the plaintiff and the defendant, a Nevada corporation, occurred in Louisville, Kentucky, at a trade fair, where discussions took place between the parties relative to the possibility of plaintiff producing an industrial film which was to be shot in Nevada for the defendant. After the plaintiff returned to Illinois, terms and conditions were finalized by letters and telephone conversations between the defendant in Nevada and the plaintiff in Illinois. The plaintiff, after the agreement was concluded, personally shot the film in Nevada, after which he returned to Illinois and completed the production of the film, including the processing, editing, rework, mounting and printing.

The price for the production of the film was agreed to at approximately $12,000. The defendant made three payments on the contract by remittances mailed to the plaintiff in Illinois, but refused to pay a balance claimed to be owing to plaintiff amounting to $3,613.18, for which sum the plaintiff instituted the suit which gives rise to this appeal. Service on the defendant was made by serving it personally in Nevada in compliance with the provisions of the statute above referred to.

No testimony was taken in the hearing on the motion to quash the summons and we consider here only the pleadings as they relate to the legal effect of the admitted facts in determining the jurisdiction of Illinois under its "long-arm" statute.

The question presented by this appeal, therefore, is whether the facts establish sufficient connection between the defendant and the State of Illinois to justify giving Illinois jurisdiction in this case.

The genesis of the extraterritorial jurisdiction imposed by the Illinois "long-arm" statute and other State statutes is found in the United States Supreme Court case of *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154, which laid down the general rule that in order for a "long-arm" statute to be constitutional the defendant who is served outside the forum State must have had certain minimal contacts with the State of the forum to the degree that maintenance of the suit in that forum does not offend "traditional notions of fair play and substantial justice." In compliance with the requirements of due process

laid down in the *International Shoe* case Illinois has set out certain acts, the doing of which is sufficient to subject the person involved to Illinois jurisdiction, the pertinent language here being "The transaction of any business within this State."

The defendant contends it did not transact any business in Illinois, pointing out that it had no employees or agents in Illinois, maintained no offices in Illinois of any kind and never sold its product in Illinois. It admits it arranged a contract for services with an Illinois resident, but that, it maintains, is not sufficient contact to amount to transacting business in Illinois.

Conceding, as contended by the defendant, that it was never physically present in Illinois, the essential question remains—do the admitted facts constitute those "minimal contacts" with Illinois required to be established in order to conform to due process standards in asserting extraterritorial jurisdiction. We think the contacts here met the requirements. ██ Statutes of the kind involved here are designed to be remedial and are construed liberally in favor of the State asserting jurisdiction, as a matter of policy. Thus our own supreme court said in *Nelson v. Miller,* 11 Ill.2d 378, 389:

> "Sections 16 and 17 of the Civil Practice Act ["long-arm" statute] reflect a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause."

The case before us bears considerable similarity to the case of *Ziegler v. Hodges,* 80 Ill.App.2d 210, decided by this court. There the plaintiff, an Illinois resident, entered into a contract with Hodges, a Florida resident, whereby Ziegler was to write a portion of a book for which Hodges had a contract with Houghton-Mifflin Co. The negotiations between Ziegler and Hodges, as was the case here, were by letters and telephone calls to Ziegler in Illinois. Ziegler wrote part of the text and sent it to Hodges in Florida; then Hodges finished the book and sent the finished text back to Ziegler for editing and comment. After editing by Ziegler he returned the finished text to Hodges for submission to the publisher. We held that the contacts between Hodges in Florida and Ziegler in Illinois were sufficient to satisfy due process requirements for extending the jurisdiction of the Illinois courts over Hodges. Hodges in that case was strictly a resident of Florida and was never present in Illinois, however as the opinion points out, Ziegler was at all times a resident of Illinois, a fact known to Hodges, and the contract was accepted in Illinois, the work was performed in Illinois and assignment and arrangements for payment of royalties were made by defendant with the Illinois firm of Houghton-Mifflin. In holding that Hodges had by his course of dealing

with Ziegler subjected himself to the jurisdiction of the Illinois courts we referred to the case of *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432. In that case the defendant's only contact with Illinois was that a product manufactured in Ohio was incorporated, in Pennsylvania, into a hot water heater which was eventually sold to an Illinois resident. There was no evidence as to whether the defendant ever did any other business in Illinois and the defendant contended that there was no showing of a course of business pursued by the defendant in Illinois and thus sufficient minimum contact to justify jurisdiction under the standards of *International Shoe Co.* had not been established.

The Illinois Supreme Court, in answering this contention, said:

> "We do not think, however, that doing a given volume of business is the only way in which a non-resident can form the required connection with this State. Since the *International Shoe case* was decided the requirements for jurisdiction have been further relaxed, so that at the present time it is sufficient if the act or transaction itself has a substantial connection with the State of the forum." (*Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 438.)

See also *McGee v. International Life Insurance Co.*, 355 U.S. 220, 2 L.Ed.2d 223, 78 S.Ct. 199, and *Lurie v. Rupe*, 51 Ill.App.2d 164.

■■ In the case before us negotiations for the work were concluded through letters and telephone calls to Illinois, the major part of the work was performed in Illinois and partial payment was made in Illinois. We believe that under the present broadened concept of the limits imposed by due process, the facts of this case present sufficient connection with Illinois to invoke jurisdiction under our statute. See the recent decision in the First Appellate District case of *Colony Press, Inc., v. Fleeman*, 17 Ill.App.3d 14, and *First Professional Leasing Co. v. Rappold*, 23 Ill.App.3d 420, both decided in 1974.

The judgment of the trial court quashing service of summons is hereby reversed and the case remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

T. MORAN and DIXON, JJ., concur.