WOODFIELD FORD, INC., Plaintiff-Appellee, *v.* AKINS FORD CORPORATION, Defendant-Appellant.

First District (5th Division)    No. 79-109

Opinion filed October 5, 1979.

McBride, Baker, Wienke & Schlosser, of Chicago (Frank R. Krok and William H. Crispin, of counsel), for appellant.

Bruce M. Bozich, of Edward R. Vrdolyak, Ltd., of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant brings this interlocutory appeal from an order of the trial court denying its motion to quash service of process and dismiss for lack of personal jurisdiction. We granted leave to appeal pursuant to Supreme Court Rule 308. (Ill. Rev. Stat. 1977, ch. 110A, par. 308.) The sole issue before us is whether defendant's contacts with the State of Illinois are sufficient to subject defendant to the *in personam* jurisdiction of the Illinois courts. We reverse. The facts are as follows.

Plaintiff is a Delaware corporation licensed to do business in Illinois. Defendant is a Georgia corporation licensed to do business there.

Plaintiff filed a verified complaint alleging that on or about May 20, 1977, Harold Akins, an agent of defendant, telephoned Thomas J. Peters of the plaintiff corporation in Schaumburg, Illinois. During that conversation Akins orally offered to sell 15 vehicles to plaintiff, and plaintiff agreed to pay a total purchase price of $76,244.98. The complaint further alleges that the vehicles were shipped to plaintiff, arriving in early July 1977, and that plaintiff sent defendant a check for the full purchase price. Plaintiff alleges that the vehicles did not conform to the contract. Five of them were tendered back to defendant but were refused. The action was brought in the circuit court of Cook County to seek damages for the alleged breach of contract.

Defendant was served at its offices in Georgia and filed a special and limited appearance pursuant to section 20 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 20) challenging the court's personal jurisdiction over defendant.

According to defendant's motion to dismiss and to quash service of process, defendant's principal office is in Barrow County, Georgia, and defendant has no agents, offices or bank accounts in Illinois, and has never transacted any business here. Attached to the motion was the affidavit of defendant's president, Harold Akins, in which he stated that, during his tenure as president of the defendant corporation, defendant has not transported or arranged for the transportation of any vehicles from

Georgia to Illinois, and that defendant had solicited no orders from any persons or corporations in Illinois.

In his affidavit Akins stated that defendant had transacted business with plaintiff twice in the eight years that Akins had been defendant's president. The first transaction had been initiated in April 1977 by an employee of plaintiff who was also a friend of Akins. Akins' friend had called him in Georgia, told him of her employment by plaintiff in Illinois, and asked if defendant would consider selling any vehicles to plaintiff. The initial telephone contact had been followed by a meeting in Georgia between Akins and Peters, plaintiff's president. In that transaction plaintiff arranged for the transportation of the vehicles purchased from defendant.

Akins further stated that, following the first transaction and prior to May 20, 1977, he received a written message from defendant's switchboard operator saying that Peters had called from Schaumburg, Illinois, to inquire about the possible purchase of additional vehicles. The message also asked Akins to return Peters' call. Akins placed the call from his office in Georgia to Peters in Illinois and Peters told Akins that plaintiff was interested in purchasing more vehicles from defendant. Following the conversation Akins reviewed defendant's inventory and again called Peters in Illinois to tell him that defendant was willing to sell 16 more vehicles to plaintiff. Akins then sent Peters a letter enclosing copies of the original invoices for the vehicles.

Akins further stated that on or about May 20, 1977, Peters called Akins in Georgia and, after further negotiations, it was agreed that plaintiff would purchase 15 vehicles from defendant for $76,244.98. In early June 1977 Akins received a letter from Peters which enclosed a check for the full purchase price. Following his receipt of payment, Akins received a telephone call in Georgia from Peters in Illinois in which Peters told Akins of the transportation arrangements made by plaintiff and authorized Akins to surrender possession of the vehicles to the carrier for shipment to plaintiff in Illinois. Defendant neither arranged nor paid for the transportation of the vehicles.

No counteraffidavits were filed by plaintiff, but Peters apparently testified in opposition to defendant's motion. The motion was continued for further argument and both parties submitted memoranda in support of their respective positions. Following denial of its section 20 motion, defendant sought leave to appeal. No transcripts of any of the trial court proceedings have been included in the record on appeal.

OPINION

Defendant contends that the trial court erred in denying its motion to quash service of process and dismiss the cause of action for lack of

personal jurisdiction because defendant's contacts with the State of Illinois were not sufficient to subject it to the jurisdiction of the Illinois courts. Personal jurisdiction may be acquired over a nonresident pursuant to section 17 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 17), which is commonly known as the "long arm" statute and provides in pertinent part:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(a) The transaction of any business within this State."

■■ The long-arm statute reflects "a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause." (*Nelson v. Miller* (1957), 11 Ill. 2d 378, 389, 143 N.E.2d 673, 679.) The requirements of due process were first set out in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, in which the Supreme Court stated that a defendant must have "certain minimum contacts with it [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' [Citations.]" (326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) *International Shoe* was cited by the Supreme Court in the course of further defining due process requirements in *Hanson v. Denckla* (1958), 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228. The court stated that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.) The standards expressed in *International Shoe* continue to be the test for determining whether a foreign corporation is subject to the jurisdiction of a State's courts. *Shaffer v. Heitner* (1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569.

The State of Illinois has applied the principles of *International Shoe* on a case-by-case basis (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 444, 176 N.E.2d 761, 767), avoiding mechanical or quantitative evaluations of the defendant's activities in the forum, and analyzing instead the quality of the acts under the circumstances. (*Braband v. Beech Aircraft Corp.* (1978), 72 Ill. 2d 548, 382 N.E.2d 252; see also *Nelson v. Miller*, 11 Ill. 2d 378, 384, 143 N.E.2d 673, 676.) The resulting test is a flexible one, emphasizing the reasonableness of subjecting a defendant to a foreign jurisdiction. *Braband v. Beech*

*Aircraft Corp.; Nelson v. Miller; Gray v. American Radiator & Standard Sanitary Corp.*

■■ Before considering the jurisdictional issue in light of the foregoing principles, we first note that plaintiff challenges the sufficiency of the record for review due to the absence of a transcript of the hearing on defendant's section 20 motion. While it is the duty of the party pursuing an appeal to present an adequate record to this court, the absence of the transcript in the instant case serves only to prevent us from reviewing issues for which evidence may be necessary. *Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115.

■■ No such issue has been raised here. The only fact in dispute is whether the telephone call in which the final terms of the sale were negotiated was made by Peters or Akins. The resolution of that fact is not necessary to our determination of the jurisdictional issue for, contrary to plaintiff's contention, that issue is not one of the sufficiency of the evidence or of judicial discretion, either of which would necessitate an examination of a transcript. Rather, the issue before us is whether, as a matter of law, defendant had sufficient contact with the State of Illinois to become subject to the jurisdiction of our courts under the long-arm statute. Where the issue is solely one of law, the absence of the transcript will not bar our review. *Maynard v. Parker* (1977), 54 Ill. App. 3d 141, 142-43, 369 N.E.2d 352, 353.

We believe that the record before us is sufficient for review of the jurisdictional issue. All of the determinative facts are contained in the complaint and in Akins' affidavit and neither party has stated any facts to add to or contradict the facts contained therein. Furthermore, despite its protestations as to the inadequacy of the record, plaintiff has neither specified where such inadequacies may lie nor suggested what relevant facts would be contained in a transcript if one were produced. More importantly, both parties have stated only facts contained in the complaint and Akins' affidavit. According to plaintiff, Peters' testimony consisted of his denying that he telephoned Akins on May 20, 1977, a fact already to be found in the complaint which Peters himself verified. The facts pertaining to the events preceding May 20 are found in Akins' affidavit, have not been challenged by plaintiff, and will therefore be accepted as true for purposes of determining jurisdiction. (*Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 1028, 356 N.E.2d 852, 855.) The facts regarding the events following the May 20 phone conversation are not in dispute.

Plaintiff also maintains that Akins' affidavit is not competent evidence, citing *Hollister v. Greenfield* (1965), 58 Ill. App. 2d 12, 207 N.E.2d 337. In *Hollister*, the court found that affidavits attached to a

motion to dismiss could not substitute for a report of proceedings where the case had gone to trial and the issue on appeal was a factual one. In contrast, the instant case involves the use of affidavits in a hearing on a motion made pursuant to section 20 of the Civil Practice Act, which specifically provides for the court's use of affidavits in making its ruling. Section 20(2) reads in pertinent part:

> "* * * In ruling upon the objection, the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon disputed issues of fact. * * *." (Ill. Rev. Stat. 1977, ch. 110, par. 20(2).)

We will therefore address the merits of defendant's appeal.

Defendant is incorporated in Georgia and has its principal place of business there. It does not own, lease, occupy or maintain any real estate in Illinois, nor does it have any similar interest in any personal property in this State. Defendant has no agents conducting any business on its behalf in Illinois and has neither advertised for business nor maintained a telephone listing here. Its only contacts with Illinois have been those which pertain to the sale of cars to plaintiff, the transaction on which plaintiff's suit is based.

Defendant's actual physical presence is not required to find that it is transacting business here under the long-arm statute (*Koplin v. Thomas, Haab & Botts* (1966), 73 Ill. App. 2d 242, 219 N.E.2d 646), and a single act may be a sufficient basis for *in personam* jurisdiction. (*Cook Associates, Inc. v. Colonial Broach & Machine Co.* (1973), 14 Ill. App. 3d 965, 304 N.E.2d 27.) Nonetheless, defendant must voluntarily seek the benefits and protections of the laws of this State in order to become subject to the jurisdiction of our courts. *Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 371 N.E.2d 161.

It is undisputed that the sale which underlies plaintiff's cause of action was the second such sale between the parties and that both were initiated by plaintiff. The two corporations had never had any other business dealings when a friend of Akins, who was employed by plaintiff, called Akins in Georgia and asked if defendant would be willing to sell some cars to plaintiff. After telephone contact from Peters in April or May of 1977, Peters went to defendant's offices in Georgia to negotiate the sale. While he was there, Peters asked Akins if defendant would be willing to sell additional new and used cars to plaintiff. When Akins agreed, Peters said he would call Akins upon his return to Illinois. Peters called Akins after defendant was paid for the cars and advised Akins of the transportation arrangements plaintiff had made for the cars, directing Akins to turn the cars over to plaintiff's carrier in Georgia.

The second transaction was initiated before May 20, 1977, when

Akins received a telephone message to call Peters, who had called to find out if defendant was willing to sell plaintiff more vehicles. Akins returned Peters' call and, following their conversation, agreed to call Peters with an offer after checking defendant's inventory. Akins later called Peters to offer to sell 16 new and used cars and trucks and subsequently sent Peters a letter enclosing copies of the original invoices on the 16 vehicles.

The next contact between the parties occurred on May 20, 1977, when Akins and Peters discussed the sale over the telephone and agreed that plaintiff would purchase 15 of the vehicles for $76,244.98. Akins received a check for the full purchase amount on June 2, 1977, which was followed by a telephone call from Peters to Akins. Peters told Akins of the transportation arrangements and authorized Akins to surrender possession of the vehicles to the carrier engaged by plaintiff. The cars were turned over to the carrier in Georgia on July 2, 1977, and were received by plaintiff in Illinois on or about July 5, 1977.

■■ We conclude that defendant's contracts with the State of Illinois are not sufficient to support jurisdiction under the long-arm statute.

In *Chicago Film Enterprises v. Jablanow*, this court, in a comparable factual situation, affirmed the trial court's findings that contracts were insufficient to assert *in personam* jurisdiction. There, the plaintiff had made an unsolicited telephone call which resulted in the plaintiff's shipping a film to the out-of-State defendant. The defendant's only other contacts with Illinois, some of which were initiated by the defendant, were by phone and mail. Stressing the facts that delivery, screening and exhibition of the film were to take place out of State and that the plaintiff had initiated the first phone contact, we went on to state:

> "Plaintiff cannot lure the non-resident defendant into the jurisdiction. The unilateral action of plaintiff in sending the film from its Illinois office cannot serve to satisfy the jurisdictional requirement, because only the acts of defendant are relevant." (55 Ill. App. 3d 739, 742, 371 N.E.2d 161, 164.)

Similarly, it is undisputed in the case at bar that the transaction was initiated by plaintiff, both by telephone and by a personal visit to Georgia and that defendant's entire performance took place in Georgia.

In urging an affirmance of the jurisdictional finding, plaintiff relies principally on the telephone call of May 20, 1977, and on the fact that negotiations by mail and phone brought defendant into contact with Illinois. The May 20 phone call is not material to our determination for, regardless of which party made the call, it is undisputed that the call was made after plaintiff had asked defendant to offer to sell some vehicles. Furthermore, the exchange of phone calls and correspondence are not enough to support jurisdiction. In *Artoe v. Mann* (1976), 36 Ill. App. 3d

204, 343 N.E.2d 647, this court concluded that the mere receipt of a formal purchase order by mail in Illinois was not a sufficient contact where the plaintiff had initiated the transaction by visiting the defendant's out-of-State office, in spite of numerous phone calls between the parties, some of which originated out of State.

Although plaintiff maintains that defendant's performance was not complete until the documents of origin were received in Illinois after the cars arrived, we find no facts in the record pertaining to those documents. Even assuming, *arguendo*, that the documents are of secondary importance to actual possession of the cars, which were the subject matter of the contract and were turned over to plaintiff's carrier in Georgia. Nor do we agree with plaintiff's contention that the fact that the check which it mailed to defendant had to clear an Illinois bank is a relevant contact, for it pertains only to plaintiff's performance. Defendant's performance with regard to the check occurred in Georgia when defendant accepted it and deposited it there for payment.

Plaintiff has cited numerous cases in support of its position, all of which are markedly distinguishable from the case at bar. In *Cook Associates, Inc. v. Colonial Broach & Machine Co.* (1973), 14 Ill. App. 3d 965, 304 N.E.2d 27, the defendant corporation had telephoned the Illinois plaintiff in response to an advertising flier distributed by the plaintiff. The one phone call was found to constitute an adequate basis for jurisdiction, because the resulting contract necessitated that plaintiff, from its Illinois offices, would find a suitable employee for the defendant. The knowledge that the plaintiff would perform its services in Illinois on behalf of the defendant, coupled with the knowledge that plaintiff would have to be paid in Illinois, was enough to find sufficient contact. In the instant case, defendant's acts were all performed in Georgia, payment and delivery occurred there, and there was no continuing performance by plaintiff in Illinois for defendant's benefit. In *First Professional Leasing Co. v. Rappold* (1974), 23 Ill. App. 3d 420, 319 N.E.2d 324, the defendant had contacted the Illinois plaintiff and applied for a loan that was pledged and made by an Illinois bank, with the defendant signing an Illinois security agreement under the Illinois Commercial Code and sending his payments to Illinois. In *Tabor & Co. v. McNall* (1975), 30 Ill. App. 3d 593, 333 N.E.2d 562, telephone calls and correspondence between the plaintiff and out-of-State defendant, in conjunction with the defendant's subsequent performance of a sales contract in Illinois by delivering the goods here, were held to justify personal jurisdiction. In *Morton v. Environmental Land Systems, Ltd.* (1977), 55 Ill. App. 3d 369, 370 N.E.2d 1106, a general partner of the nonresident defendant had solicited business in Illinois while physically present in the State.

■■ Finally, plaintiff suggests that defendant should be subject to the jurisdiction of our courts because Illinois would afford protection to defendant if plaintiff were in breach and that there are sufficient Illinois contacts because the contract was not fully performed in Georgia. We disagree. For the Illinois courts to afford defendant protection in the event of plaintiff's breach would necessitate defendant's voluntarily requesting action to be taken. The fact that defendant may invoke the jurisdiction of our courts does not necessitate the conclusion that it has done so, and jurisdiction cannot be based on such a speculative contact. Nor can we say that because part of the contract was performed here we must necessarily conclude that some performance automatically constitutes sufficient jurisdictional contacts. Any contract involving an Illinois party inevitably has a contact with this State, but to equate some contact with sufficient contact is to abandon the required qualitative analysis of contacts for a simple counting exercise. We find no contacts in the instant case which indicate that defendant voluntarily "availed itself of the privilege" of conducting business here. On the contrary, the record shows that plaintiff sought out defendant, who then performed entirely from outside of the State. To uphold jurisdiction in this instance would be tantamount to allowing plaintiff to "lure" defendant into the State. Finding jurisdiction over defendant here on the basis of plaintiff's actions is not consistent with the "traditional notions of fair play and substantial justice" mandated by *International Shoe*.

Accordingly, we reverse the order of the circuit court of Cook County which denied defendant's motion to quash service of summons and to dismiss for lack of jurisdiction.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.