SERVO INSTRUMENTS, INC., Plaintiff-Appellant, *v.* FENWAY MACHINE COMPANY, Defendant-Appellee.

Third District   No. 80-157

Opinion filed December 31, 1980.

Thomas Perona, of Perona, Perona & Tonozzi, of Spring Valley, for appellant.

Boyle & Goldsmith, of Hennepin (Walter Durley Boyle, Linn C. Goldsmith, and Roger C. Bolin, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, hereinafter referred to as Servo, brings this appeal from an order of the Circuit Court of Bureau County which granted a motion of the defendant, hereinafter referred to as Fenway, to quash service of process for lack of personal jurisdiction. The order further dismissed Servo's cause of action which sought recovery of damages for an alleged breach of contract for the sale of electrical components.

Servo is an Illinois corporation engaged in the business of manufacturing and selling electrical equipment, having its plant and only place of business located in Spring Valley, Illinois. Fenway is a Pennsylvania corporation and has never been licensed to transact business in Illinois. Fenway does not have or maintain offices in Illinois, nor does it send agents, officers or other personnel into the State of Illinois to conduct its business.

Servo became aware of Fenway's possible need of electrical parts when Mr. Gran of Howard Industries, located at Milford, Illinois, told Robert Small, president of Servo, that Howard Industries was unable to fill an order for such material. Gran informed Small of Fenway's address,

telephone number, and the name of its sales manager, to-wit, Mr. Yermish.

Mr. Small on behalf of Servo placed a call to Mr. Yermish in Philadelphia. This call resulted in Small going to Philadelphia for the purpose of conferring and negotiating with representatives of Fenway. Affidavits filed by plaintiff and defendant are in conflict as to whether an agreement was reached between the parties on June 21, 1977, or at a later date after further phone calls and negotiations. The affidavit filed on behalf of Fenway strongly indicates that an agreement was reached in Philadelphia on June 21, 1977, since an invoice (No. 1843) bearing that date requesting the shipment of a number of armatures and fields is attached to Fenway's affidavit. A supplemental affidavit filed by Fenway is supported by an Exhibit A, which is correspondence from Mr. Small of Servo to Mr. Yermish of Fenway and which in pertinent part reads as follows:

"July 5, 1977

Mr. Joseph Yermish
Fenway Machine Company, Inc.
1910 N. Marshall Street
Philadelphia, PA 19122

Dear Mr. Yermish,
    Thank you for the courtesies extended to Al Boada and myself during our visit. I also want to thank you for your P.O. #1843 for:

* * *

Very truly yours,

Robert A. Small
President."

Further orders for electrical equipment were placed by Fenway with Servo, however, on October 3, 1979, Servo filed a complaint against Fenway to collect the purchase price for such material. Fenway, after being served with summons in Philadelphia, filed a special appearance pursuant to section 20 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 20) and a motion to quash summons based on its assertion that the Illinois circuit court did not have *in personam* jurisdiction over the defendant. After considering affidavits filed by the respective parties and arguments of counsel, the trial court as previously stated granted Fenway's motion and this appeal ensued.

The sole issue presented is whether the Circuit Court of Bureau County had in *personam* jurisdiction over the defendant.

The determination of this issue requires an examination of what is

commonly known as the "long-arm" statute (Ill. Rev. Stat. 1977, ch. 110, par. 17), which provides in pertinent part:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State;
* * * ."

The long-arm statute reflects a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due process requirements. These requirements of due process were first set out in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, in which the Supreme Court held that a defendant must have certain minimum contacts with the forum State such that maintenance of the suit does not offend traditional notions of fair and substantial justice. The United States Supreme Court further defined due process requirements in *Hanson v. Denckla* (1958), 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228. In *Hanson* it was stated that, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.

As previously stated, the affidavits of the parties present a sharp conflict as to the question of where the contract they entered into was consummated. Should we deem it necessary to make such a determination it would be difficult to quarrel with Fenway's position that a contract was entered into when Small of Servo journeyed to Pennsylvania. We do not, however, find it compelling to make such a determination, since the precise question as presented in the instant case and resulting from a strikingly similar factual situation was resolved in the case of *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131.

In *Woodfield* an Illinois automobile dealer sued a Georgia automobile dealer for breach of contract concerning the sale of cars. The defendant moved to quash service of process and dismiss for lack of personal jurisdiction. The trial court denied the motion, however, upon review the decision was reversed by the Appellate Court of the First District. The appellate court held that defendant's contacts with Illinois were not sufficient to support jurisdiction under Illinois' long-arm statute where sale of cars by defendant was initiated by plaintiff, both by telephone and personal visit to Georgia, and defendant's entire performance took place in Georgia with payment and delivery occurring

there and there were no contracts indicating that defendant voluntarily conducted business in Illinois.

In *Woodfield* the appellate court made the following observation:

"On the contrary, the record shows that plaintiff sought out defendant, who then performed entirely from outside of the State. To uphold jurisdiction in this instance would be tantamount to allowing plaintiff to 'lure' defendant into the State. Finding jurisdiction over defendant here on the basis of plaintiff's actions is not consistent with the 'traditional notions of fair play and substantial justice' mandated by *International Shoe*." 77 Ill. App. 3d 343, 351, 395 N.E.2d 1131, 1137.

The foregoing observation in *Woodfield* is applicable to and determinative of the issue present in the instant case, and consequently we support the trial court in its holding that the Circuit Court of Bureau County did not have *in personam* jurisdiction over the defendant Fenway.

We set out in some detail the conflict concerning the *locus in quo* consummation of the contract between the parties occurred. Recognition of this conflict was deemed necessary as the result of Servo's strong reliance on the case of *Ward v. Formex, Inc.* (1975), 27 Ill. App. 3d 22, 325 N.E.2d 812. *Ward* is also a case similar to the instant case; however, it is distinguishable in that in *Ward* the defendant Nevada corporation admitted that it had arranged a contract for services with an Illinois resident. Unlike the defendant in *Woodfield*, the defendant in *Ward* was not "lured" into the State of Illinois, but on the contrary purposely availed itself of conducting business activities in Illinois, thus invoking the benefits and protection of the laws of our State.

For the reasons set forth the judgment order of the Circuit Court of Bureau County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.