EMPRESS INTERNATIONAL, LTD., Plaintiff-Appellee, *v.* RIVERSIDE SEAFOODS, INC., Defendant-Appellant.

First District (5th Division)   No. 82—486

Opinion filed January 13, 1983.

Clancy, McGuirk & Hulce, P.C., of St. Charles (Tyler G. Neptune, Jr., of counsel), for appellant.

Teller, Levit & Silvertrust, P.C., of Chicago (Edward S. Margolis, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from a default judgment entered against it in an action for an account stated. We are presented with the question as to whether its contacts with the State of Illinois were sufficient to subject it to the *in personam* jurisdiction of the Illinois courts pursuant to section 17 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 17(1)(a)).[1]

On September 11, 1981, plaintiff filed a complaint alleging that defendant had ordered and received goods from it, for which $3,375.24 had been paid on account but a balance of $9,546.26 was due and owing, and praying for a judgment against defendant in the amount of $10,063.03. Defendant filed a special and limited appearance to contest jurisdiction pursuant to section 20 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 20) and moved to quash service of summons. An uncontested affidavit sworn by defendant's president states that defendant is a Wisconsin corporation which has its sole place of business in Two Rivers, Wisconsin; that it has never owned property in Illinois nor maintained an office, branch, telephone listing, or registered agent here, nor applied for or received a license to do business in Illinois; that in response to direct mail advertising

---

[1]Now section 2—209(a)(1) of the Code of Civil Procedure. Ill. Rev. Stat. 1981, ch. 110, par. 2—209(a)(1).

sent to its Wisconsin office, it placed an order for frozen lobster with plaintiff's office in Chicago, Illinois, on June 25, 1979, and again on June 4, 1980; that both orders were shipped from Chicago, but invoices were sent from plaintiff's place of business in New York; that all payments were made by it to plaintiff's New York office; and that it was served at its place of business in Wisconsin.

The record contains no written order of the trial court disposing of defendant's motion, nor is there a record of proceedings of the hearing held on November 23, 1981. However, a memorandum of the trial court, commonly called a "half sheet," bears the notation that the motion was denied, and defendant was given 28 days to answer or otherwise plead. No further action was taken by defendant, and a default judgment was entered against it on January 28, 1982. This appeal follows.

Opinion

■ Initially, we note that although plaintiff has not questioned the adequacy of the record before us for purposes of review, defendant raised this issue in its initial brief, maintaining that the record is sufficient. Therefore, we have considered defendant's argument and find *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131, dispositive. There, we also were asked to determine whether the defendant, a nonresident corporation, was subject to the *in personam* jurisdiction of Illinois courts, and the record before us consisted of plaintiff's complaint and defendant's special appearance supported by affidavit. We found this record sufficient, since the question was one of law and all of the facts determinative of that issue were undisputed and contained in the record. Similarly, in the instant case, the facts necessary to determine the issue before us are contained in the record and are undisputed by plaintiff.

We turn then to the question as to whether defendant has had sufficient contacts with the State of Illinois to subject it to the *in personam* jurisdiction of our courts.

Section 17 of the Civil Practice Act provides, in relevant part, that:

"Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person *** to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State; ***."
(Ill. Rev. Stat. 1979, ch. 110, par. 17(1)(a).)

This statute reflects a "conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause" (*Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 1028, 356 N.E.2d 852, 855); thus, a nonresident defendant must have certain minimum contacts with the forum State "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158), and a single act on the part of defendant will suffice for jurisdiction (*Kutner v. DeMassa* (1981), 96 Ill. App. 3d 243, 421 N.E.2d 231) so long as it is one which gives rise to the cause of action (Ill. Rev. Stat. 1979, ch. 110, par. 17(1); *Donlon v. Miller* (1976), 42 Ill. App. 3d 64, 355 N.E.2d 195) and is an act "by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (*Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240). In determining whether sufficient minimum contacts exist, our courts have avoided applying any mechanical tests, looking instead to the facts and circumstances of each case, and although considerable weight is given to the defendant's voluntary activities (*Citizens Bank & Trust Co. v. Pittman* (1977), 52 Ill. App. 3d 137, 367 N.E.2d 265), we will also consider such factors as "the nature of the business transaction, the applicability of Illinois law, the contemplation of the parties and the likelihood that witnesses would be found here " (*Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 797, 383 N.E.2d 1379, 1385).

Defendant argues that the facts and circumstances of the instant case are similar to those in *Artoe v. Mann* (1976), 36 Ill. App. 3d 204, 343 N.E.2d 647, where the plaintiff visited defendant's California office attempting to sell his product line. Further negotiations took place by telephone after plaintiff returned to Illinois, and an agreement to purchase was reached on a subsequent visit by plaintiff to California, although a purchase order confirming the agreement was later mailed into Illinois by defendant. Plaintiff brought suit here to recover unpaid freight charges, and in finding that our courts lacked *in personam* jurisdiction over defendant, we noted that defendant had initiated the transaction in California where the agreement would ultimately be completed by plaintiff's installation of the equipment purchase, and it appeared that defendant's sole contact with Illinois was the mailing of a formal order to plaintiff in this State.

Plaintiff, however, maintains that the case before us is more anal-

ogous to *Cook Associates, Inc. v. Colonial Broach & Machine Co.* (1973), 14 Ill. App. 3d 965, 304 N.E.2d 27, where this court did find *in personam* jurisdiction. There, plaintiff, an executive employment agency, sent advertising regarding available job applicants to defendant's Michigan office. Defendant then called plaintiff in Illinois to inquire about one of the applicants, who was eventually hired after plaintiff arranged for him to contact defendant in Michigan for an interview. We found that this transaction constituted the necessary minimum contacts for purposes of *in personam* jurisdiction, noting that defendant was under no obligation to respond to plaintiff's advertisement, and therefore initiated the business transaction by telephoning plaintiff; that the contract was performed in Illinois; and that "defendant knew, or should have known, that it had entered into a contract with an Illinois agency, that the agency would perform its services from its office in Illinois, that the fee, if due, would be paid to plaintiff in Illinois, and that if the fee were not paid as promised, defendant might be liable to suit in the Illinois courts." 14 Ill. App. 3d 965, 970, 304 N.E.2d 27, 31.

Subsequent decisions have attempted to distinguish the above-cited cases and, in doing so, have suggested certain fact patterns under which transaction of business with an Illinois resident will lead to the exercise of jurisdiction over a nonresident defendant. In the line of cases following *Artoe* and finding no jurisdiction, we have relied on the fact that plaintiff initiated the transaction (*Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 371 N.E.2d 161), that the contract was entered into outside of Illinois (*Servo Instruments, Inc. v. Fenway Machine Co.* (1980), 92 Ill. App. 3d 509, 415 N.E.2d 34), and that performance of the contract was to take place outside of Illinois (*Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131).

In a parallel line of cases following *Cook Associates,* we have found jurisdiction when it appeared that the nonresident defendant initiated the transaction and the contract was formed in Illinois (*AAAA Creative, Inc. v. Sovereign Holidays, Ltd.* (1979), 76 Ill. App. 3d 514, 395 N.E.2d 66; *Ward v. Formex, Inc.* (1975), 27 Ill. App. 3d 22, 325 N.E.2d 812), and that its performance, or the major part thereof, was to be in Illinois (*Colony Press, Inc. v. Fleeman* (1974), 17 Ill. App. 3d 14, 308 N.E.2d 78). Thus, while it is important that defendant initiated the transaction, it is not the sole distinguishing feature of these two lines of cases, as plaintiff argues. Similarly, while the fact that payment was to be made in New York in the instant case, rather than Illinois, is a circumstance to be considered, it does

not of itself distinguish this case from *Cook Associates,* as defendant asserts.

■ In considering the facts and circumstances of the present case, we note that defendant initiated the transactions in question by sending orders to plaintiff's Chicago office. Defendant maintains that the initial contact was made by plaintiff when it mailed advertising to defendant in Wisconsin. However, we have twice characterized similar occurrences as mere solicitation, placing no obligation on the defendant to respond. (*Colony Press, Inc. v. Fleeman* (1974), 17 Ill. App. 3d 14, 308 N.E.2d 78; *Cook Associates, Inc. v. Colonial Broach & Machine Co.* (1973), 14 Ill. App. 3d 965, 304 N.E.2d 27). What is important is that defendant voluntarily entered into a business transaction with an entity he knew, or should have known, was an Illinois resident. In addition, the contract which is the subject matter of this action was formed in Illinois when plaintiff accepted defendant's order. Finally, we find that the contract was performed in Illinois, in that the order was received here and the goods requested were shipped from here. Defendant argues that plaintiff's performance in Illinois was minimal, maintaining that the lobster purchased obviously did not originate in Illinois and that invoices were mailed from and payments received in New York. However, we do not believe these factors are determinative since plaintiff did all that it contracted to do from Illinois—it shipped the frozen lobster defendant ordered. Moreover, we find it reasonable to assume that the goods were stored here prior to shipment and that at least some paperwork was completed here before invoices could be mailed from plaintiff's New York office. In sum, we find the instant action more analogous to *Cook Associates* and the decisions which follow it than to *Artoe* and its progeny.

During oral argument, defendant made the statement that if we find jurisdiction in this case, we will vastly expand the concept of *in personam* jurisdiction, subjecting, for example, many magazine or newspaper subscribers to the jurisdiction of the Illinois courts. A similar argument, however, was considered, and rejected, in *Colony Press, Inc. v. Fleeman* (1974), 17 Ill. App. 3d 14, 308 N.E.2d 78, where defendant urged us to consider the plight of customers of large mailorder houses should we find jurisdiction in that case. We noted there that each case must be decided on its own facts and circumstances, so that we might well find a consumer transaction to be substantially different from a business transaction voluntarily entered into by a business enterprise. It is therefore not appropriate to consider a hypothetical fact pattern in determining whether, under the circumstances before us, the trial court was correct in finding that defendant had

sufficient minimum contacts with the State of Illinois to subject it to the *in personam* jurisdiction of our courts.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

WILSON, P.J., and MEJDA, J., concur.