The WESSEL COMPANY,
INC., Plaintiff,

v.

SURFER PUBLICATIONS, a California
corporation, Individually and d/b/a
Surfer Publishing Group, Inc., Defendant.

No. 83 C 1253.

United States District Court,
N.D. Illinois, E.D.

July 28, 1983.

Marc H. Heisler, Miller, Forest, Downing, Rodman & Huszagh, Ltd., Glenview, Ill., for plaintiff.

Mark A. Stegemoeller, Latham & Watkins, Hedlund, Hunter & Lynch, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This matter comes before the Court on the motion of the defendant to dismiss for lack of personal jurisdiction and to quash service of process.

### Background

The plaintiff, The Wessel Company ("Wessel"), originally filed a complaint against Surfer Publications ("Surfer") in the Circuit Court of DuPage County, Illinois, alleging breach of contract. Wessel, a printing company, is an Illinois corporation and Surfer, a publisher, is a California corporation. In its complaint Wessel alleged that: (1) at Surfer's request, Wessel manufactured and delivered certain goods to Surfer at a price of $72,727.91; (2) Surfer still owes Wessel $18,181.98; and, (3) Wessel has made repeated demands for payment and Surfer continues to refuse to pay. Wessel seeks judgment against Surfer for the amount due plus interest, attorneys fees and costs.

Surfer petitioned to remove the action from the state court to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a). This motion was granted. Surfer then filed a motion to dismiss Wessel's complaint for lack of personal jurisdiction over Surfer pursuant to Fed.R. Civ.P. 12(b)(2), 12(b)(4) and 12(b)(5). Surfer contends that it has not had sufficient minimum contacts as required by the due process clause of the Fourteenth Amendment to the United States Constitution and that Surfer's activities in the State of Illinois do not fit within the statutory requirements of the Illinois long-arm statute. Ill.Rev.Stat. Ch. 110 § 209(a) (1982). Surfer also asserts that the remaining balance has not been paid to Wessel because Surfer received defective goods and because both parties had agreed to reduce the price by $18,181.98 as compensation for the defects.

Wessel sought and received two separate extensions of time for the filing of its re-

sponse to Surfer's motion. It failed to respond to Surfer's motion within the time period set by the Court.

### Motion to Dismiss for Lack of Personal Jurisdiction

Subject-matter jurisdiction over this action is based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). As previously stated Wessel is an Illinois corporation and Surfer is a California corporation. In a suit based on diversity of citizenship, a federal court has personal jurisdiction over the defendant only if the forum state court would have had jurisdiction had the suit been brought there. Fed.R.Civ.P. 4(d)(7) and 4(e), *Lakeside Bridge and Steel Company v. Mountain State Construction Co., Inc.,* 597 F.2d 596, 598 (7th Cir.1978), *cert. denied,* 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980).

On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of providing sufficient evidence to support jurisdiction. All factual disputes are to be resolved in plaintiff's favor. *United States Railway Equipment Co. v. Port Huron & Detroit R. Co.,* 495 F.2d 1127, 1128 (7th Cir.1974). The Court may consider affidavits submitted by both parties on the issue of jurisdiction. *O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1176 (7th Cir.1971); *Kutner v. DeMussy,* 96 Ill.App.3d 243, 248, 51 Ill.Dec. 723, 421 N.E.2d 231 (1st Dist.1981). "[I]f a defendant's affidavit contesting jurisdiction is not refuted by a counter-affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are taken as true." *Id.* at 248, 51 Ill.Dec. 723, 421 N.E.2d 231.

In its complaint, Wessel did not allege any facts which would support an assertion of long-arm jurisdiction over the defendant. Wessel has not responded to the defendant's motion to dismiss even though it has had sufficient time to do so nor has it submitted counter-affidavits. Therefore, the facts stated in the defendant's affidavits must be taken as true. *Kutner v. DeMussy, supra.*

Defendant's affidavits indicate that: (1) it is a publisher of several sports magazines, (2) it is incorporated under the laws of California; (3) it has never been registered to do business in Illinois; and, (4) it has never maintained a place of business, telephone listing, bank account, agents, officers, or employees within the State of Illinois. The affidavits also state that Surfer's magazines are printed in Kentucky and distributed by a New York company, Select Magazines. The only relationship between Surfer and Select is a contractual one, and Surfer does not own or otherwise have an interest in Select. Select handles all distribution arrangements with wholesalers. The wholesaler forwards the magazines to newsstands. Surfer publications are sold in Illinois; however, these sales constitute less than seven tenths of one per cent (0.7%) of Surfer's total sales.

The contract between Wessel and Surfer, which is the basis of this action, was the result of Wessel's representative directly soliciting Surfer at its offices in Orange County, California. No officer, agent, or employee of Surfer ever entered Illinois for negotiations regarding the purchase order. The order itself was completed by Wessel's sales representative and sent to defendant.

### Personal Jurisdiction

The Supreme Court of the United States in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, held that in order to exercise in personam jurisdiction over a non-resident defendant, due process must be satisfied. That is, the defendant must have certain minimum contacts with the forum state so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." This standard has been refined in subsequent decisions of the Supreme Court. However, the due process standards of *International Shoe* and its progeny represent only the outer limits beyond which a state may not go to obtain jurisdiction over non-residents. *Cook Associates, Inc., v. Lexington United Corp.,* 87 Ill.2d 190, 197, 57 Ill.Dec. 730, 429 N.E.2d

847 (1981). A state is free to set its own limits for acquiring jurisdiction within the parameters allowed by due process. *Id. Braband v. Beech Aircraft Corp.*, 72 Ill.2d 548, 556, 21 Ill.Dec. 888, 382 N.E.2d 252 (1978), *cert. denied*, 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 296 (1979).

The Illinois Supreme Court in *Cook, supra* stated, "[T]he boundaries or limits under our statute are not to be equated with the minimum contacts test under the due process clause." *Cook*, 87 Ill.2d at 197, 57 Ill.Dec. 730, 429 N.E.2d 847. Thus, the Illinois test for long-arm jurisdiction is narrower than the due process test of *International Shoe*. Illinois courts have jurisdiction over the person only if a non-resident defendant's conduct falls within the language of the long-arm statute. *Cook*, 87 Ill.2d at 197, 57 Ill.Dec. 730, 429 N.E.2d 847. The long-arm statute, Ill.Rev.Stat. ch. 110, § 2–209 (1982), provides:

"(a) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the following of the acts hereinafter enumerated, thereby submits such person ... to the jurisdiction of the courts of this state *as to any cause of action arising from the doing of any of such acts:* (1) the transaction of any business in this state ... (c) only causes of action arising from acts enumerated herein may be asserted against the defendant in an action in which jurisdiction over him is based in this action." (emphasis added)

Under the decisions of the Illinois courts interpreting this section, the facts of the present case do not support a finding of personal jurisdiction. *See Empress International, Ltd. v. Riverside Seafoods, Inc.* 112 Ill.App.3d 149, 153, 67 Ill.Dec. 891, 445 N.E.2d 371 (1st Dist.1983)

This case is analogous to *Artoe v. Mann*, 36 Ill.App.3d 204, 343 N.E.2d 647, 1976, (1st Dist.), where the court dismissed the cause for lack of personal jurisdiction. The court based its decision on the fact that the defendant initiated the transaction by sending an agent to California. The sole contact between the defendant and the state of Illinois was the mailing of a formal order to the plaintiff in Illinois. See also, *Desert Palace, Inc. v. Salesbury*, 401 F.2d 320 and *Wessel Co. v. Beitman Management Corp.*, 457 F.Supp. 939, (7th Cir.1968), (N.D.Ill.1978).

This was also the basis for the Court's decision in *Chicago Film Enterprises v. Jablanow*, 55 Ill.App.3d 739, 13 Ill.Dec. 466, 371 N.E.2d 161, (1st Dist.1977), where the court found that it did not have personal jurisdiction over the defendant. Also in *Servo Instruments, Inc. v. Fenway Machine Co.*, 92 Ill.App.3d 509, 47 Ill.Dec. 309, 415 N.E.2d 34 (3rd Dist.1980), the court was persuaded by the fact that the contract was entered into outside Illinois and found that there was no jurisdiction over the non-resident defendant. Similarly, in *Woodfield Ford, Inc. v. Akins Ford Corp.*, 77 Ill.App.3d 343, 32 Ill.Dec. 750, 395 N.E.2d 1131 (1st Dist.1979), the court considered the fact that the performance of the contract was to take place outside of Illinois relevant to its finding of no jurisdiction.

The factors considered relevant by the court support a finding of no personal jurisdiction in the present case. Based on the Illinois courts' interpretation of "transacting business," the complaint and the uncontested affidavits provided by the defendant, this Court finds that it lacks personal jurisdiction over Surfer. The plaintiff Wessel went to California and solicited the defendant in that state. It is unclear from the information now before the Court whether the contract was entered into in the State of California or Illinois. Although plaintiff's performance (production of perforated magazine inserts) was in Illinois, the defendant's performance took place entirely outside the state of Illinois. Defendant's only contacts with Illinois concerning this transaction were by interstate telephone and mail.[1]

---

1. Although plaintiff cannot sue defendant here, it is not without a remedy. Defendant can be sued in its home state.

The plaintiff bears the burden of providing sufficient evidence to support jurisdiction. *United States Railway Equipment Co., v. Port Huron & Detroit Railroad Co.*, 495 F.2d at 1128. The plaintiff Wessel has not met his burden in the present case.

For the reasons stated above, the defendant's motion to dismiss the complaint and to quash service of process based on lack of personal jurisdiction is granted.