**ELLIS CORPORATION, an Illinois corporation, Plaintiff,**

v.

**TEAM TEXTILE CORPORATION, a Pennsylvania corporation, Defendant.**

No. 82 C 7832.

United States District Court, N.D. Illinois, E.D.

Nov. 17, 1983.

Raymond J. Kelly, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Stanley J. Adelman, C. Mark Kingseed, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court is the defendant's Motion to Dismiss or Transfer or, in the Alternative, to Stay the Action. For the reasons stated herein, the Motion to Dismiss is denied, the Motion to Transfer is granted, and the Motion to Stay is denied.

The parties entered into a contract in 1980 under which plaintiff was to manufacture and sell certain commercial laundry equipment to defendant which was to be installed at defendant's Houston, Texas facility. When the equipment allegedly failed to function as expected, defendant stopped paying on the contract, causing plaintiff to file the instant lawsuit on December 22, 1982. Five days later, on December 27, 1982, defendant sued plaintiff in the United States District Court for the Southern District of Texas seeking rescission of the contract, general and consequential damages arising from the alleged malfunctioning of the goods sold, and damages for violation of the Texas Deceptive Trade Practices Act. Subject matter jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

### I. *The Motion to Dismiss for Lack of Personal Jurisdiction*

Defendant Team Textile Service Corporation (Team) first claims that this Court, sitting in Illinois, has no personal jurisdiction over it and therefore, that the cause should be dismissed. Team is a Pennsylvania corporation with its main offices in Houston, Texas. It claims that it is not licensed to do business in Illinois and in fact does not do business in Illinois. Furthermore, it claims that no part of the transaction which forms the basis of the instant lawsuit took place in Illinois. Plaintiff argues that, at very least, the transaction took place in part in Illinois.

Under the Illinois Long-Arm Statute, a non-resident defendant submits to the jurisdiction of the courts located in Illinois when the cause of action, *inter alia,* arises from the transaction of any business within the state. Ill.Rev.Stat. ch. 110 ¶ 2–209(a)(1) (1981). This provision has been interpreted as requiring that the foreign defendant's business in Illinois at least be related to the cause of action. *Volkswagen Insurance*

*Co. v. Whittington,* 58 Ill.App.3d 621, 625, 16 Ill.Dec. 179, 374 N.E.2d 954 (1978).

Determination of whether a defendant has performed acts sufficient to have submitted to the jurisdiction of a particular forum state is based upon the due process notions of whether requiring him to defend therein is reasonable and does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). This determination, in turn, is made on a case-by-case basis taking into account the quality of the defendant's activities in the forum state in the context of the circumstances presented. *Braband v. Beech Aircraft Corp.,* 72 Ill.2d 548, 21 Ill.Dec. 888, 382 N.E.2d 252 (1978). A single business transaction, however, is sufficient for personal jurisdiction. *Cook Associates, Inc. v. Colonial Broach and Machine Co.,* 14 Ill. App.3d 965, 304 N.E.2d 27 (1973).

In the case at bar, the parties contracted following negotiations which were conducted in part by defendant placing a telephone call to plaintiff's offices in Illinois.[1] At no time did any representatives of defendant physically come to Illinois. Once the terms of the contract were memorialized, the proposed terms were sent to defendant in Texas where the document was signed and returned to plaintiff in Illinois for acceptance. The contract specifically provided that it did not become binding until accepted by plaintiff, an event which occurred in Illinois.

The products were manufactured in Illinois and delivered, F.O.B. Chicago, Illinois, in Texas where they were installed and used by defendant. When defendant failed to make payments on the goods, Louis E. Schutt, plaintiff's controller, called Houston but was instructed to contact defendant's parent corporation, Dometic, in

Bloomington, Illinois which was taking care of the payments. Schutt contacted Dometic and discussed the delinquent payment problem. Subsequently, a check for roughly $158,000, drawn on a Bloomington, Illinois bank, was received. On another occasion, on August 20, 1980, a check for $105,-000 was received, also from Bloomington, Illinois.

Defendant Team Textile admits that from October, 1979 through May, 1981, its corporate books and records were maintained in Bloomington, Illinois. It also admits that during that time period, payments on its debts were made by its parent, Dometic, out of the Bloomington, Illinois office. However, it denies that it ever did business in Illinois and maintains that all other corporate functions took place in Houston.

This Court need not determine that defendant was doing business in Illinois in order to assert personal jurisdiction over it despite the fact that a persuasive argument could be made in support thereof based on Team's apparent interrelatedness with Dometic, an Illinois based entity. Instead, the court need only find that the transaction which lies at the heart of this suit was in some way related to this forum. This may be done with ease.

In *Kropp Forge Co. v. Jawitz,* 37 Ill.App.2d 475, 186 N.E.2d 76 (1st Dist. 1962), the court held that either the making of the contract itself or the activity in furtherance of it in Illinois was sufficient to constitute the transaction of business in Illinois. While in the case at bar, the parties cannot agree whether the contract was made in Illinois by defendant's admission, it was at least partially performed here by defendant. This factor is sufficient to constitute the transaction of business in Illinois. Defendant has therefore submitted to jurisdiction in an Illinois forum, thus

---

**1.** Such conduct alone is insufficient to give rise to personal jurisdiction. *Nu Way Systems of Indianapolis, Inc. v. Belmont Marketing, Inc.,* 635 F.2d 617, 619 (7th Cir.1980); *Woodfield*

*Ford, Inc. v. Akins Food Corporation,* 77 Ill. App.3d 343, 32 Ill.Dec. 750, 395 N.E.2d 1131 (1st Dist. 1979).

requiring that the Motion to Dismiss be denied.

## II. *The Motion to Transfer Venue*

■ In addition to moving to dismiss, defendant has moved to transfer the instant matter to the Southern District of Texas, Houston Division, where its later filed case against the plaintiff is currently pending. Under 28 U.S.C. 1404(a), a district court, for the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district where it might have originally been brought. Before a transfer can be made under the statute, subject matter jurisdiction and venue must be technically proper in the transferor court. *Chicago R.I. & P.R. Co. v. Igoe*, 212 F.2d 378 (7th Cir. 1954); *Wilmot H. Simonson Co. v. Green Textile Associates, Inc.*, 554 F.Supp. 1229 (N.D.Ill.1983). These requirements have been met in the instant case.

In support of its motion, defendant notes that most of the nonparty ... witnesses in the case reside in Texas and would not be subject to compulsory process in Illinois. In addition, defendant claims that the cost of producing the witnesses, among them party witnesses, whose testimony would be available in Illinois, would be prohibitive and would severely impair its ability to continue operations during trial. Moreover, defendant claims that it would ask that the jury be allowed to view the equipment so that demonstration of the alleged defects would be simplified. This equipment, of course, is located in Houston and could not be moved.

Finally, defendant argues that the interests of justice require the Court to grant the transfer motion. Among the factors cited in support of this argument is the fact that plaintiff would not be unduly burdened by the transfer because of its extensive contacts and dealings in Texas. In addition, defendant notes that all relevant facts and events surrounding the solicitation and formation of the contract, as well as a majority of the performance of it, transpired in Texas.

Plaintiff essentially disagrees with each factor cited by defendant and claims that it would be burdened with hardship were the instant matter transferred to Texas. Plaintiff claims that because it is incorporated in Illinois and does business here, it would be forced to transport its witnesses and other evidence to Texas. Additionally, plaintiff notes that the goods in question were designed and manufactured in Illinois and that defendant would not be burdened by trial in Illinois because of its presence in the state at its parent company's offices located in Bloomington.

■ Plaintiff correctly notes that transfer should not be granted when to do so would merely shift, rather than eliminate, the inconvenience to the parties. *Bodine's, Inc. v. Sunny-O, Inc.*, 494 F.Supp. 1279, 1286 (N.D.Ill.1980). However, in this Court's view, the burden which defendant would be required to face if the matter were litigated in Illinois is far greater than that which would be imposed upon plaintiff were transfer ordered.

■ While plaintiff's choice of forum is important, it is of reduced value where, as here, the chosen forum lacks significant contact with the underlying cause of action *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048 (N.D.Ill.1982). Notwithstanding its jurisdictional connection with Illinois, the instant case is really a cause of action which arose in Texas and is strongly related to that forum. At the time that defendant apparently chose to withhold the payments due under the contract, the payments were being made from Texas. Indeed, even when the payments were being sent from Illinois they were not sent from this judicial district as Bloomington, Illinois, from which the payments originated, is located in McLean County which is in the Central District of Illinois. 28 U.S.C. § 95(b). The choice not to pay was made because of the malfunctioning and nonperformance of the product which occurred solely in Texas. The product is presently located in Texas and cannot be moved without the incurrence of unreason-

174

able expense. Because the central issue in this case revolves around the performance of the product, access to the product in both the discovery and trial stages is a necessity. Thus, regardless of where the case proceeds, plaintiff would be required to bear the burden of obtaining access to the product in Texas so that it may properly try its case. In any event, it would be required to transport many of its witnesses to Texas so, at very least, inspection of the product and other discovery could be undertaken.[2]

While the Court is constrained to transfer venue based on convenience, in the instant matter, the final determination actually requires a balance of inconvenience. While no forum would be wholly convenient for both parties, it is the opinion of this Court that the Houston, Texas forum is the more preferable one as it is quite convenient for defendant and imposes less of a burden on plaintiff than would be imposed on defendant were the matter litigated here. This is especially true in light of the fact that the Northern District of Illinois, located in Chicago, while technically a proper venue, has little actual connection with the cause of action.

### Conclusion

For the reasons stated herein, defendant's Motion to Dismiss for lack of personal jurisdiction is denied, but the Motion to Transfer to the United States District Court for the Southern District of Texas, Houston Division, is granted. The Motion to Stay Proceedings is denied.

IT IS SO ORDERED.

---

2. Plaintiff relies heavily upon the well reasoned opinion of Judge Marshall in *Ronco Inc. v. Plastics, Inc.,* 539 F.Supp. 391 (N.D.Ill.1982) in support of its position. In *Ronco,* the Court weighed many of the same factors involved in the case at bar in concluding that transfer to Texas would be inappropriate. However, unlike in the case at bar, in *Ronco* the defendant who sought transfer had sold products to an Illinois corporation and had them shipped into Illinois. In the case at bar the opposite is true. Moreover, in *Ronco* it was clear that the contract had been entered into in Illinois and that Illinois law was controlling. In the case at bar, it is unclear at this point which state's law controls the contract as the parties dispute exactly where the contract was entered into.